ANDREW MERCHANT, GEORGE W. MERTON, J. D. PARKS, MARTIN D. BALLARD, and EDWARD F. SOX, (Copartners, doing business under the firm name of Ballard & Sox), Appellants,

*v.*

R. C. HUMESTON, HENRY L. YESLER and JOHN S. ANDERSON, (Copartners, doing business under the firm name of Yesler Mill Company), J. SCHRAM and A. KORN, (Copartners, doing business under the firm name of J. Schram & Co.), GEORGE H. CHICK and FRANK NATHAN, (Copartners, doing business under the firm name of Nathan & Co.), GEORGE W. STETSON and J. J. POST, (Copartners, doing business under the firm name of Stetson & Post), G. W. HOLMES, OLOF OLSON, WESLEY H. KNEE, and the SEATTLE LUMBER and COMMERCIAL COMPANY, Appellees.

Under the liberal rule of construction applicable to our statute, creating mechanics' liens, an expression in a notice of lien which contains a statement of the demand in the following language: "After deducting all just credits and effects there is due," will be construed as complying with the requirement of the statute that there is due a given sum, "after deducting all just credits and offsets."

II. Wash.—28.

A notice of lien that describes the building as one of seven distinct build-
ings, situate on two certain lots, and sets forth that the demand is for one-
seventh of the aggregate of labor done and material furnished in the erec-
tion of the seven buildings, is void for uncertainty.

APPEAL from Third Judicial District, holding terms at Se-
attle.

This action was to foreclose a number of mechanics' liens, for
labor upon and materials fu nished in the construction of seven
houses, on lots five and six, in block thirty-nine, in Maynard's
Addition to Seattle.

The liens were set for h in the complaint. There was no
showing in any of these liens as to which lot any particular
building was erected upon; neither did the liens show the
value of labor or material that went into any separate building,
but an aggregate of labor and material was made, and appor-
tioned equally to the buildings.

In making a statement of the net indebtedness in the claim
of lien, instead of employing the language of the statute—" A
statement of his demand, after deducting all just credits and off-
sets,"—the following expression was used : " after deducting all
just credits and *effects* there is due," etc.

A demurrer to the complaint was sustained, because it did
not state facts sufficient to constitute a cause of action, and the
proceeding was dismissed.

*A. L. Palmer*, for Appellants.

Section 1961 of the Code does not require the claimant, in the
statement of his demand, to use the words " After deducting
all just credits and offsets." It is the fact, and not the method
of arriving at it, that is required to be stated ; and these words
explain how the amount due is to be determined. (*Hobbs et al.*
v. *Specglcberg et al.*, Vol. 5, No. 7, The Pacific Reporter, p. 529.)
The statute is remedial, and should be liberally construed.
(*Rogers* v. *The Omaha Hotel Company*, 4 Neb. 58; *Skyrme* v.
*Occidental Mill and Manufacturing Co.*, 8 Nev. 239; *McClin-
tock* v. *Rush*, 63 Penn. State Rep. 203; Phillips on Mechanics'
Liens, 2d ed., p. 27 ; *White* v. *Chaffin*, 32 Ark. 69; *Barns* v.
*Thompson*, 2 Swan, Tenn., 313 ; *Bush* v. *Brian*, 2 How. (Miss.)

880; *Ostor* v. *Rabeneau*, 46 Mo. 337, 339, 595 ; *Sharp* v. *Spengler*, 48 Miss. 360; *De Witt* v. *Smith*, 63° Mo. 263 ; 16 Wis. 578 ; 11 Wis. 309 ; 30 Wis. 521 ; *Malter et al.* v. *Falcon Mining Co.*, Vol. 2, Pacific Reporter, p. 50 ; Code of Washington Territory, Sec. 1981.)

Even mistakes, unless calculated to mislead others, should not destroy the lien.    (2d ed. of Phillips on Mechanics' Liens, p. 27, Sec. 16 ; *Murray* v. *Rapley*, 30 Ark. 573 ; *Beals* v. *Cong. B'nai Jeshurua*, Vol. 1, E. D. Smith, N. Y. Rep. 654 ; *Smith et al.* v. *Headley et al.*, Vol. 23, No. 6, The Northwestern Reporter, 550 ; 16 Wis. 578 ; 30 Wis. 521; *McClintoch* v. *Rush*, 63 Pa. State, 203 ; 2d ed. of Phillips on Mechanics' Liens, Sec. 357 ; *Atkins et al.* v. *Little*, 17 Minn. 320, 331, 332; *Ricker* v. *Joy*, 72 Me. 106 ; *Smith* v. *Bailey*, 8 Daly, N. Y. 128; *Hobbs et al.* v. *Speegleberg et al.*, Vol. 5, No. 7, The Pacific Reporter, 529.)

It is apparent on the face of the instrument that the use of the word effects, in the place of the word offsets, can at the most be claimed as nothing more than a clerical error; and if such, it is in the power, and it is the duty of the Court to insert the word intended.    (*McDonald* v. *Bacchus*, 45 Cal. 262; Vol. 20, No. 3, The Central Law Journal, 44 ; *Palms et al.* v. *Shawano Co. et al.*, Vol. 21, No. 2, The Northwestern Reporter, 77; *Nazro* v. *Merchants' Mut. Ins. Co.*, 14 Wis. 295 ; 28 Wis. 43 ; 30 Wis. 521 ; 16 Wis. 578.)

Where there is a provision in a statute that there shall be filed a true statement of the amount due him, with all just credits given, it is a sufficient compliance if it gives the amount due for which the lien is claimed.    (*Sankey* v. *Wells*, 16 Nev. 271 ; *Rickey* v. *Jay*, 72 Me. 106 ; *Reed* v. *Boyd*, 84 Ill. 66 ; *Simmons* v. *Buford*, 18 Ind. 176 ; *Trustees of Caldwell Ins. Co.* v. *Laing*, 2 Duval, Kentucky, 582 ; *Henry* v. *Plett*, The Central Law Journal, Vol. 20, No. 12, 236.)

In regard to description of property the rule is, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient.    (2d ed. of Phillips on Mechanics' Liens, Secs. 379, and cases there cited ; 30 Wis. 521; 16 Wis. 578.)

The claim is not invalidated by claiming in the notice a larg-

er amount than is really due the party claiming the lien. (Phillips on Mechanics' Liens, 2d ed., Sec. 356; *Barber* v. *Reynolds*, 44 Cal. 533; *Bushfield* v. *Wheeler*, 14 Allen, Mass., 139; *Whitney* v. *Joslin*, 108 Mass. 103; *Hopkins* v. *Forrester*, 33 Conn. 351.)

We are clearly entitled to a judgment at law for our money demand, even if we have failed to establish our lien. (*Joseph McGraw* v. *Marie Alice Godfrey*, 56 N. Y. 610; 14 Abbot's Practice, N. S. 321; *Bronson* v. *Markey*, 53 Wis. 98; *Wheeler* v. *Holt*, 41 Wis. 447; Vol. 10, The Northwestern Reporter, 166.)

*Burke & Haller*, for Appellees.

The remedy given by the lien law is an extraordinary one, and all the provisions of the act must be strictly complied with. ( *Walker* v. *Hause, Hijo*, 1 Cal. 185; *Bottomly* v. *Grace Church*, 2 Cal. 91; *Davis* v. *Livingston*, 29 Cal. 283.)

This is especially the rule as against third persons. (*Farmers' Bank* v. *Winslow*, 3 Minn. 86; *Wade* v. *Reitz*, 18 Ind. 309; *Ward* v. *Black*, 7 Phila. 342; Phillips on Mechanics' Liens, Sec. 20; *Chapin* v. *Persse*, 30 Conn. 461; *Wood* v. *Wade*, 46 Cal. 637; *Hooper* v. *Flood*, 54 Cal. 218.)

There never was any final judgment, order or decree rendered in the Court below. The order or judgment dismissing the case in the Court below was not a final decision, and is therefore not reviewable in this Court. (U. S. Rev. Statutes, Sec. 1869; Code of Washington, Sec. 445; *Harrington and Another* v. *Haller*, 11 U. S. Sup. Ct. Reports, 796; *Insurance Co.* v. *Comstock*, 16 Wallace, 258; *Railroad Co.* v. *Wiswall*, 23 Wallace, 796; *Ex parte Bradstreet*, 7 Peters, 647; *Ex parte Newman*, 14 Wallace, 165.

Copies of the lien notices or claims of lien are set forth in the complaint, and they are all alike. Each of these notices is fatally defective upon the following grounds: It does not contain a statement of claimant's demand, after deducting all just credits and offsets. (Phillips on Mechanics' Liens, Sec. 342; *Beals* v. *Cong. B'nai*, J. 1, E. D. Smith, 654; *Hubbell* v. *Schreyer*, 14 Abbott's Practice, N. S. 284; *Davis* v. *Livingston*, 29 California, 283; *Wood* v. *Wrede*, 46 Cal. 637; *Hooper et al.* v. *Flood et al.*, 54 Cal. 218; *Bottomly* v. *Grace Church*, 2 Cal. 91.)

The notice of the lien contains no such description of the property to be charged with the lien as required by statute.

In each lien it sought to cover several buildings and different tracts of land; but the claimant does not designate the amount due him on each building, nor does he describe the situation of each building, nor the land upon which it stands. (*Campbell* v. *Furness*, 1 Philadelphia, 372; *Chambers* v. *Yarnall*, 15 Pennsylvania, 265; *Goepp* v. *Gartiser*, 35 Penn. 130; *Chapin* v. *Persse*, 30 Conn. 461; *Dallas etc. Co.* v. *The Wasco Co.*, 3 Oregon, 527; *Landus* v. *Dexter*, 106 Mass. 531; Code of Washington, Secs. 1961, 1962; Phillips on Mechanics' Liens, Sec. 376.)

Opinion by HOYT, Associate Justice.

This action was brought to foreclose four certain liens for labor done and materials furnished in the construction of seven houses, situated on lots five and six, in block thirty-nine, in Maynard's Plat, in Seattle.

The Court below sustained a demurrer to the complaint, on the ground that the notices of liens set out therein were, and each of them was, insufficient and void; and the plaintiff has brought the cause here by appeal, to correct the ruling of the Court on said demurrer.

The appellees, to sustain the action of the lower Court, rely upon two specifications of the insufficiency of said lien notice: First, that the statement of the demand for which lien is claimed is not sufficient, because in the statement thereof the lien has substituted for the words "over and above all credits and offsets," mentioned in the statutes, the words "over and above all credits and effects"; but we are of the opinion that if we apply the liberal rule of construction invoked by the Legislature as to this lien law, we can either substitute for said word "effects," in said notice, the proper word, "offsets," or that the expression "over and above all credits," taken in connection with the other allegations of these notices, is a substantial compliance with the statute, without the addition of the words "or offsets."

We therefore think that this statement in the notices was sufficient. The other alleged defect in these notices is, that there

is no sufficient description of the property to entitle said liens to be enforced as against the defendants who appeared in the cause, who were incumbrancers of the property against which said lienors were seeking to enforce their liens.

The notices were not exactly alike, and if we find any of them sufficient, the demurrer must be overruled. We will therefore investigate that of Ballard & Sox, which was conceded on the argument to be the best one of the four.

This notice sets out that they furnished materials used in the construction of seven certain dwelling houses, situated on said lots five and six, upon which there was due and unpaid the sum of $79.56; and claims a lien therefor " in the proportion aforesaid," to wit: $12.74 upon each of the seven houses; the words " proportion aforesaid " having, however, nothing in the notice upon which it could be predicated, unless it was the statement that the said seven houses were of about the same size. And there is nowhere in said notice an allegation that of the materials furnished $12.74 worth, or any other certain amount, went into any particular one of said houses, excepting a repetition towards the close thereof of the words " in the proportion aforesaid." And we do not think this loose statement sufficient to show that, of the said materials, any particular amount went into any one of said houses, and without such an allegation there is no foundation for the claim of lien. In order to make said lien claim of $12.74 enforcable against any or each of said houses, it should at least appear by direct averment that that particular amount of material had gone into the particular house in question, and was unpaid for, and that a lien was claimed therefor; and should further contain a description of the property upon which such house was situated, sufficient for identification; and to say that a particular house is one of seven, all of which are situated on two certain lots, is no designation at all as to the location of said particular house, as there is nothing tending even to show as to which of said lots it is upon.

If the claimant had set out in his notice that he furnished said material as a single transaction for the building of the seven houses, and that they were all built as substantially one building, and claimed a lien on the whole thereof for his entire claim, a different question would have been presented; but he

saw fit to claim seven distinct liens of $12.74 each, and in order to sustain such lien on any one house, there must be such direct averments as would make such claim good if it stood alone, unconnected with the claims against the other houses. Of course, some of the statements could be grouped, but it must clearly appear that the lien for the sum of $12.74 claimed upon any one house is for that amount of unpaid-for materials used in the construction thereof; and said notice must further contain a definite description of that particular house, so as to identify it not only with all the others, but also from all the others.

We have already seen that the most liberal construction of this notice will fail to make of any averment therein, even substantially, a statement of these necessary facts. It follows that the notices were void, and that the action of the Court in sustaining the demurrer to the complaint was correct, and that the decree rendered thereon must be affirmed, and it is so ordered.

We concur: S. C. WINGARD, Associate Justice.

GEORGE TURNER, Associate Justice.